**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

**------------------------------------------------------ X**

In re:

Linda Raab-Giamarino,

Debtor.

**------------------------------------------------------ X**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Chapter: 7
Case No.: 1-26-41069-jmm
Judge: Hon. Jil Mazer-Marino

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1 as serviced by Onity Mortgage Corporation ("Movant") submits the following memorandum of law in support of its motion for relief from the automatic stay to enforce its rights with respect to certain real property subject to a note and mortgage between Rita Raab ("Borrower") and Movant including, but not limited to selling the same and applying the proceeds to the obligation of the Borrower to Movant. The account is in default and thus there exists a lack of adequate protection.

STATEMENT OF FACTS

Movant is a secured creditor of the Borrower pursuant to a New York Cash Account Advantage Adjustable Rate Reverse Mortgage Loan Account Disclosure Statement and Agreement executed by Borrower on July 23, 2008, whereby Borrower promised to repay the principal amount of $543,950.00 plus interest to  (the "Note"). To secure the repayment of the Note, Borrower executed a New York Reverse Mortgage in favor of Financial Freedom Senior Funding Corporation which was recorded on August 14, 2008 in the Office of the City Register of the City of New York as City Register File No. (CRFN): 2008000325175 (the "Mortgage"), encumbering real property located at 2434 E 66Th St, Brooklyn, New York 11234 (the "Property").

The Note duly endorsed was transferred and conveyed to blank.

The Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Financial Freedom Senior Funding Corporation, as evidenced by an assignment of mortgage recorded on October 9, 2009 in Office of the City Register of the City of New York as CRFN: 2009000329581 (the "Assignment of Mortgage").

The Mortgage was assigned to OneWest Bank, N.A., as evidenced by an assignment of mortgage recorded on July 22, 2015 in Office of the City Register of the City of New York as CRFN: 2015000251909 (the "Assignment of Mortgage").

The Mortgage was assigned to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1, as evidenced by an assignment of mortgage recorded on August 29, 2018 in Office of the City Register of the City of New York as CRFN: 2018000290709 (the "Assignment of Mortgage").

A Basis for Relief from the Automatic Stay

Movant is entitled to relief from the automatic stay as requested in the within motion. The Movant has filed a motion for relief from the automatic stay with respect to the Property. Sections 362(d)(1) and (d)(2) provide as follows:

> (d) On request of a part in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in Property of such party in interest; (2) with respect to a stay of an act against property under subsection (2) this section, if-
>
> (A) the Debtor does not have any equity in such property;
>
> (B) such property is not necessary for an effective reorganization.

Section 362(d) is mandatory, not permissive. The Court shall grant relief from the stay for any of the reasons stated in the three subsections. *In re Elmira Litho, Inc.*, 174 B.R. 900 (Bankr. S.D.N.Y. 1994); *In re Touloumis*, 170 B.R. 825, 827 (Bankr. S.D.N.Y. 1994); *In re Kleinman*, 156 B.R. 131, 136 (Bankr. S.D.N.Y. 1993); *In re Diplomat Electronics Corp.*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988). Further, if any of the grounds for relief from stay apply the Court must grant the relief from stay.

Under Bankruptcy Code § 362(d)(1) relief may be granted for cause. Pursuant to the terms of the Note and Reverse Mortgage, immediate payment in full is required if the borrower is deceased. Here, Borrower is believed to be deceased as of February 20, 2015. The payoff owed to Movant as of the filing of this Motion is in the amount of $1,930,155.50. The valuation assessed to the Property is $700,000.00 as listed on Schedule A/B (ECF No.: 1). Thus, relief from the automatic stay is warranted pursuant to 11 U.S.C. § 362(d)(1) for cause as there is a lack of adequate protection and Debtor has filed Chapter 7, thus not intending to cure the debt.

Additionally, Secured Creditor has made pre and post-petition escrow advances to protect

its lien interest on the Property as these amounts have not been maintained by Debtor of the estate. As of April 7, 2026, Secured Creditor had advanced $7,994.035 post-petition property taxes. Secured Creditor is entitled to recover these amounts, or in the alternative, to relief from the automatic stay.

Further, there is no equity in the Property and the property would not contribute to the Debtor's effective reorganization. The motion demonstrates the validity of Movant's security interest and that any perceived equity beyond Movant's lien would be consumed by the second mortgage lien on the property; there would be no equity to serve as adequate protection to Movant in the absence of ongoing monthly payments. The Property provides no equity for the Debtor or the bankruptcy estate. Thus, relief from the automatic stay under Bankruptcy Code § 362(d)(2) is also appropriate.

Under Bankruptcy Code § 362(d)(2), the automatic stay may be lifted in a Chapter 7 proceeding if (a) the Debtor does not have equity in the property, and (b) the property is not necessary to an effective reorganization. Here, it is clear that no equity remains in the Property as the payoff owed exceeds valuation. Further, as Debtor filed Chapter 7, the Property is not necessary for an effective reorganization. *See B.N. Realty Assocs. v. Lichtenstein*, 238 B.R. 249, 258 (S.D.N.Y. 1999) (stating that a Chapter 7 petition does not contemplate reorganization and thus only the equity prong is examined); *see also Powers v. American Honda. Fin. Corp.*, 216 B.R. 95, 97 (N.D.N.Y. 1997) (noting that "in a Chapter 7 liquidation case, effective reorganization is irrelevant" for the purposes of 362(d)(2)). Thus, relief is also warranted pursuant to 11 U.S.C. § 362(d)(2).

## STANDING

Under New York law: [i]n a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced (emphasis added). *U.S. Bank, N.A. v. Cange*, 96 A.D.3d at 826, 947 N.Y.S.2d at 524 (affirming trial court's order denying defendant's motion to dismiss foreclosure action for lack of standing where the uncontroverted evidence established that the plaintiff was in the possession of the original note at the time the action was commenced and at the time of the hearing and that the mortgage passed to plaintiff incident to the note); *Eastern Savings Bank, FSB. v. Thompson*, 631 Fed Appx. 13, 15 (2d Cir. 2015); *Onewest Bank, N.A. v. Guerrero*, 2016 WL 3453457 at *3 (S.D.N.Y. 2016); *In re Minbatiwalla*, 424 B.R. at 109; *In re Escobar*, 457 B.R. at

240; *U.S. Bank N.A. v Ehrenfeld*, 144 A.D. 3d 893, 41 N.Y.S. 3d 269 (2d Dep't 2016); *Bank of New York, v. Silverberg*, 86 A.D. 3d 274, 926 N.Y.S. 2d 532 (2d Dep't 2011).

The "holder" of a negotiable instrument under New York law is defined as: a person who is in possession of a document of title or an instrument or an investment certificated security drawn, issued or indorsed to him or to his order or to bearer or in blank. N.Y.U.C.C. §1-201(20); *Bank of New York v. Asati, Inc.*, 1991 WL 322989 at *2 (Sup. Ct. N.Y. Cty. July 8, 1991) (under section 1-201(20) of the Uniform Commercial Code, a party is a "holder" if it is in possession of the instrument and the instrument was drawn, issued or indorsed to it or to its order or to bearer or in blank). Movant, as the current holder of the Note and Mortgage and as the current mortgagee, has standing to prosecute this Motion and subsequent proceedings required pursuant to state law. *In re Indicucla*, 484 B.R. 284, 287 (Bankr. S.D.N.Y. 2013); *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010); *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011). *In re Feinberg*, 442 B.R. 215, 222 (Bankr. S.D.N.Y. 2010).

CONCLUSION

For the forgoing reasons, Movant respectfully requests that the Court make and enter its Order terminating the automatic stay as to Movant with respect to the Property including but not limited to selling the same and applying the proceeds of sale to the obligations of Debtor to Movant, and for such and further relief as the Court deems proper.

Dated: 05/27/2026

McCalla Raymer Leibert Pierce, LLP
Attorneys for Movant

***/s/ Linda St. Pierre***

Linda St. Pierre
420 Lexington Avenue, Suite 840
New York, NY 10170
860-240-9156
312-803-9663
NY_ECF_Notices@McCalla.com