**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

**- -----------------------------------------------------X**

In re:

Chapter: 7

Linda Raab-Giamarino, Case No.: 1-26-41069-jmm

Debtor.

**-----------------------------------------------------X**

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

On July 9, 2026 the motion [ECF No. 12] (the "Motion") of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1 as serviced by Onity Mortgage Corporation ("Movant"), dated May 27, 2026, came before the Court, for relief from the automatic stay with respect to the collateral known as 2434 E 66th St, Brooklyn, NY 11234 (the "Collateral"). Proper notice of the hearing has been provided. This Court, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefore, it is hereby

**ORDERED**, the stay in effect pursuant to 11 U.S.C. § 362(a) and the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a), are hereby ~~terminated~~ **modified** pursuant to 11 U.S.C. Section 362(d)(1) for cause, as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Collateral; and it is further

~~**ORDERED,** that pursuant to 11 U.S.C. § 362(d)(4), any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording; and it is further~~ **(JMM)**

**ORDERED**, that the Chapter 7 Trustee shall be served with a copy of the referee's report of sale within **thirty (30) days** of the report [*if applicable*] and shall be noticed with any surplus monies realized from the sale of the Collateral; and it is further

**ORDERED**, that Movant may offer a loan modification, loss mitigation and any other resolution of the disputes made the subject of the Motion in addition to or in lieu of taking any and

all action under applicable state law to exercise its remedies against the Collateral, to the extent consistent with non-bankruptcy law, but excluding a reaffirmation of any discharged debt; and it is further

~~**ORDERED**, that Movant may seek attorney's fees and costs incurred in connection with the Motion in the *in rem* foreclosure proceeding to the extent allowed under any agreement(s) executed by Debtor(s) and applicable non-bankruptcy law, but not as a personal liability of the Debtor(s); and it is further~~ **(JMM)**

**ORDERED**, that all other relief sought in the Motion, including any requested waiver of the 14 day stay imposed by Bankruptcy Rule 4001(a)(4), is denied.

**Dated: July 28, 2026**
**Brooklyn, New York**

Jil Mazer-Marino
Chief United States Bankruptcy Judge